RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 15a0128p.06

# UNITED STATES COURT OF APPEALS

### FOR THE SIXTH CIRCUIT

───────────────

THOMAS E. PEREZ, Secretary of Labor,

           *Plaintiff-Appellee*,

    *v*.

D. HOWES, LLC,

           *Defendant*,

DARRYL HOWES, individually, dba Darryl Howes Farms,

           *Defendant-Appellant*.

No. 14-2026

───────────────

Appeal from the United States District Court
for the Western District of Michigan at Grand Rapids.
No. 1:12-cv-00888—Gordon J. Quist, District Judge.

Decided and Filed:  June 22, 2015

Before:  ROGERS and McKEAGUE, Circuit Judges; SARGUS, District Judge.[*]

───────────────

### COUNSEL

**ON BRIEF:**  Robert A. Stariha, STARIHA LAW OFFICES, P.C., Fremont, Michigan, for Appellant.  Paul L. Frieden, Maria Van Buren, UNITED STATES DEPARTMENT OF LABOR, Washington, D.C., for Appellee.

───────────────

[*]The Honorable Edmund A. Sargus, Chief United States District Judge for the Southern District of Ohio, sitting by designation.

---

**OPINION**

---

ROGERS, Circuit Judge.   Defendant Howes, the owner of the pickling cucumber farm Darryl Howes Farms, appeals the district court's grant of Secretary of Labor Perez's motion for summary judgment.  The district court declared that Howes had violated provisions in the Fair Labor Standards Act (FLSA) and the Migrant and Seasonal Agricultural Worker Protection Act (MSPA), and enjoined Howes from further violating the FLSA and MSPA.  The district court determined—contrary to Howes' contentions on this appeal—that: (1) Howes' cucumber harvesters were employees, and not independent contractors, such that the FLSA protections apply; (2) Howes controlled the facilities used to house the migrant farm workers in 2011, and thus was liable for violations of the MSPA in regard to the provision of substandard housing; and (3) Howes unlawfully interfered with the Department of Labor investigation.  The district court granted the Secretary's motion for summary judgment in a careful and well-analyzed opinion that effectively distinguished *Donovan v. Brandel*, 736 F.2d 1114 (6th Cir. 1984)—a case in which we held that the pickling cucumber harvesters on Brandel's farm were not employees under the FLSA—and addressed the arguments that Howes now raises on appeal.  *Perez v. Howes*, 7 F. Supp. 3d 715 (W.D. Mich. 2014).

The reasons given in the district court's opinion dispose of Howes' arguments on appeal. *See Howes*, 7 F. Supp. 3d at 722−27 (analyzing the FLSA "employee" issue); *id.* at 727−28 (addressing Howes' MSPA "control" argument); *id.* at 728−29 (finding Howes interfered with a DOL investigation).  Because the reasons why Howes' claims should be dismissed have been fully articulated by the district court, the issuance of a detailed opinion by this court would be duplicative and serve no useful purpose.

The judgment of the district court is affirmed.